```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


GARY WARD,                          §
                                    §
            Plaintiff,              §
                                    §
v.                                  §      CIVIL ACTION NO. H-05-0671
                                    §
PLAINS EXPLORATION &                §
PRODUCTION COMPANY,                 §
                                    §
            Defendants.             §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gary Ward, brings this action against defendant, Plains Exploration & Production Company (Plains), for breach of contract. Pending before the court is Plains' Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket Entry No. 4). For the reasons set forth below Plains' motion will be denied without prejudice, and the parties will be ordered to undertake limited discovery on the issue of complete diversity.

### I. Standard of Review

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of the federal district court. Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual

attacks." See Evans v. Tubbe, 657 F.2d 661, 663 (5th Cir. 1981); Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.), cert. denied, 102 S.Ct. 396 (1981).  Facial attacks challenge federal jurisdiction based solely on the allegations of the complaint and require the court to consider the allegations in the plaintiff's complaint as true.  See id.  See also Williamson, 645 F.2d at 412.  Factual attacks raise issues outside the plaintiff's complaint.  See id. When a factual attack is made upon federal jurisdiction no presumptive truthfulness attaches to the plaintiff's jurisdictional allegations.  The court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and the plaintiff has the burden of proving that federal jurisdiction does in fact exist.  Id. (citing Williamson, 645 F.2d at 412-13).

The court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action.  If the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's cause of action,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Id. at 412-413. Because no statute or rule prescribes procedures for determining facts underlying jurisdictional questions, the Supreme Court has held that the method of conducting such a factual determination is left to the discretion of the district court. See Land v. Dollar, 67 S.Ct. 1009, 1011 & n.4 (1947). Nevertheless, "the path which the district court takes to its jurisdictional decision can limit its procedural discretion." Williamson, 645 F.2d at 414. If a defendant's motion raises factual issues,

> the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss. . . Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.

Id. If the court chooses to allow discovery, it should be limited to material needed to determine the jurisdictional issue. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).

## II. Defendant's Motion to Dismiss

Plains argues that "[t]he [c]ourt does not have subject matter jurisdiction to hear the present case because there is not complete diversity between the [p]laintiff and [d]efendant."[1] Citing the affidavit of its Vice-President for Human Resources and Administration of Plains Exploration & Production Company attached

---

[1] Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 4, p. 1.

to its motion to dismiss, Plains argues that complete diversity is lacking because "Texas is Plains' principal place of business . . . [and] because the plaintiff also is a resident of Texas."[2] Recognizing that he bears the burden of establishing diversity jurisdiction[3] plaintiff argues that "[a] proper course of action at this point requires that there be discovery as to the jurisdictional claim asserted by the defendant. Following that discovery, it would be appropriate to then hold a hearing on the matter."[4]

**A.   Applicable Law**

In order for a federal court to have diversity jurisdiction, diversity must be complete:  The citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants.  28 U.S.C. § 1332(a)(1).  See <u>City of Indianapolis v. Chase National Bank of City of New York</u>, 62 S.Ct. 15, 17 (1941); <u>Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America</u>, 841 F.2d 1254, 1258-1259 (5th Cir. 1988).  For purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and

---

[2]<u>Id.</u> at p. 3.

[3]Plaintiff's Sur-reply to Defendant's Motion to Dismiss, Docket Entry No. 9.

[4]Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 7, p. 3.

of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). See also Getty Oil, 841 F.2d at 1258; Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873, 879 (5th Cir. 2004). The determination of where a corporation has its principal place of business is a factual inquiry, dependent on a number of factors." Howery v. Allstate Ins. Co., 243 F.3d 912, 920 (5th Cir.), cert. denied, 122 S.Ct. at 459 (2001). "[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." Getty Oil, 841 F.2d at 1258.

**B.   Analysis**

Although Plains' primary argument for dismissal is that diversity of citizenship does not exist in this case, that argument arises, at least in part, from plaintiff's failure to allege a principal place of business for Plains.

1.   Allegations of Jurisdictional Facts

The burden is on a plaintiff to allege and invoke jurisdiction, and when jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged. McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975). See also Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991) (failure to allege the basis for diversity jurisdiction mandates dismissal).

Plaintiff's complaint alleges:

## Parties

1. The plaintiff, Gary Ward, is a resident of Spring, Harris County, Texas.

2. The defendant, Plains Exploration & Production Co., is a Delaware corporation that does business in Houston, Harris County, Texas.  3TEC Energy was merged into Plains in June 2003.

## Jurisdiction and Venue

3. This Court has jurisdiction over this case because the amount in controversy exceeds this Court's minimum jurisdictional requirements, and the claim is between citizens of different states.

4. The Court has jurisdiction of this case according to 28 U.S.C. § 1332.[5]

Plaintiff alleges that subject matter jurisdiction exists "because the amount in controversy exceeds this [c]ourt's minimum jurisdictional requirements, and the claim is between citizens of different states."[6]  Plaintiff's allegations of jurisdictional facts, i.e., that the plaintiff is a resident of Texas and that the defendant is "a Delaware corporation that does business in Houston, Harris County, Texas,"[7] are not sufficient to establish diversity jurisdiction.  See Realty Holding Co. v. Donaldson, 45 S.Ct. 521, 521 (1925) (allegation of residency, rather than citizenship, is inadequate to invoke diversity jurisdiction); Joiner v. Diamond M

---

[5]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 1-2.

[6]Id. at p. 1.

[7]Id. at p. 2.

Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982) (facts alleging only one of two possible states of corporate citizenship, i.e., state of incorporation and state of principal place of business do not establish diversity of citizenship).  Because insufficient allegations of citizenship may be cured under 28 U.S.C. § 1653, the failure to properly allege diversity jurisdiction is not necessarily fatal to plaintiff's cause of action.  See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  See also Realty Holding Co., 45 S.Ct. at 521 (defective allegations of citizenship may be cured by amendment); Getty Oil, 841 F.2d at 1262 (same).

    2.    Plains' Principal Place of Business

Plains' argument that this action should be dismissed for lack of subject matter jurisdiction because the parties are not diverse raises a fact issue concerning its principal place of business.[8]  Plains contends that "[i]n this case, the facts are clear that [its] principal place of business is Houston, Texas."[9]  Plaintiff argues that "[b]ecause the defendant has failed to provide the Court with the information necessary to undertake the full analysis that is required for purposes of determining its citizenship,

---

[8] Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 4, p. 2.

[9] Id.

dismissal at this point would be inappropriate."[10]  The court agrees.

The Fifth Circuit has stated that in determining a corporation's principal place of business a court must apply the "total activity" test, which incorporates both the "nerve center" and the "place of activity" tests.  See Harris v. Black Clawson Co., 961 F.2d 547, 549 (5th Cir. 1992) (finding the court should consider "the general rules of the two tests in light of the particular circumstances of a corporation's organization [and] balance[ ] the facts" present in the particular case).  See also J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 404 (5th Cir. 1987) (describing the "total activity" test).

> [U]nder the "nerve center" test, the state in which the corporation has its nerve center, or "brain," is its principal place of business, and under the "place of activity" test, the state in which the corporation carries out its operations is its principal place of business.  Although this simplistic explanation of the two tests may make them appear to be conflicting principles, we will see that the two tests actually are in harmony because they are applied in different factual situations.  The two "tests" have evolved because corporations are organized in different ways, and our analysis must be flexible enough to determine the place at which a given corporation actually does its principal business.  In the end, we will see that "total activity," "nerve center," and "place of activity" are hardly more than terms we use in resolving the ultimate question: what is the principal place of business of the corporation.

J.A. Olson, 818 F.2d at 404.

---

[10]Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 7, p. 2.

The nerve-center test was originally enunciated in <u>Scot Typewriter Co. v. Underwood Corp.</u>, 170 F.Supp. 862, 865 (S.D.N.Y. 1959), and is applied when the corporation is engaged in far-flung and varied activities that are carried on in different states. <u>J.A. Olson</u>, 818 F.2d at 407 (noting that the nerve center test is most appropriately applied to holding companies). The state that hosts the nerve center is the principal place of business because "the corporation's activities are dispersed to the point that no place in which the corporation conducts operations or activities can be denoted 'principal.'" <u>J.A. Olson</u>, 818 F.2d at 407.

The place-of-activity test was first enunciated in <u>Kelly v. United States Steel Corp.</u>, 284 F.2d 850, 853 (3d Cir. 1960), and is applied when the corporation has a collection of "nerve cells serving the common function of making the corporate enterprise go." <u>See</u> <u>J.A. Olson</u>, 818 F.2d at 408. Under this test the principal place of business of a corporation with significant administrative authority and operations in one state, and lesser executive offices but principal operations in another state, is generally the state in which the latter is located. <u>J.A. Olson</u>, 818 F.2d at 409.

While Plains has submitted the affidavit of Nora Knowles, Vice-President for Human Resources and Administration of Plains Exploration & Production Company, as evidentiary support for its assertion that its principal place of business is Houston, Texas, it appears to focus solely on the "nerve center" test:

> Our headquarters and principal place of business is located in Houston, Texas. All of our executive officers are located in Houston, and the substantial majority of our accounting and financial records are in Houston. Important records such as land, title, contract, and division order files are also maintained in Houston. Additionally, the major decisions that affect the business operations are made in Houston. We consider the Houston home office as the nerve center of our company. Also, we are registered to do business in Texas, and both our Delaware and SEC filings state that our principal place of business is Houston, Texas.
>
> We have business operations not only in Texas, but in other various locations in the United States, including Louisiana, Kansas, Oklahoma and California. Our operations are directed from the Houston office since the operations are all somewhat similar in nature, i.e., exploration and production of oil and gas. Although there are varied activities which are carried on in different states, our executive officers in Houston direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective.[11]

Citing <u>Teal</u>, 369 F.3d at 877-878, plaintiff argues that

> [w]hile it may be true that the defendant's "nerve center" is in Texas, that does not dictate the citizenship of the corporation under the "total activity test," which considers such factors as the location of its revenue producing activities, the amount of money produced as a result of the efforts at the various sites, and the size and location of the majority of its workforce.[12]

In <u>Teal</u> the Fifth Circuit held that although the plaintiff company's "nerve center" was located in Calgary, all of the revenue

---

[11]Affidavit of Nora S. Knowles, attached to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 4.

[12]Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 7, p. 3.

it earned in the year of suit derived from its Texas operations -- thus supporting the district court's conclusion that it was, for diversity purposes, a Texas citizen.  369 F.3d at 877-878. Asserting that the affidavit attached to Plains' pending motion fails to provide the court with information necessary to undertake the full analysis required for purposes of determining its citizenship, and that the company's internet website describes significant corporate activity in California, plaintiff argues that "[a] proper course of action at this point requires that there be discovery as to the jurisdictional claim asserted by the defendant."[13]

Plains can have only one principal place of business.  See J.A. Olson, 818 F.2d at 406 ("every corporation has one and only one principal place of business").  See also 28 U.S.C. § 1332(c) (describing a "principal place of business," not "principal places of business").  With this in mind the court concludes that without more information the court cannot undertake the analysis of the "nerve center" and "place of activity" tests mandated by the "total activity" test applied by the Fifth Circuit for determining a corporation's principal place of business.  See J.A. Olson, 818 F.2d at 408 (while, in a "far flung" fact situation, the "nerve center" analysis may give rise to an inference that the locus of a

---

[13]Id.

party's headquarters is the principal place of business, other factors, including the company's activities, must be considered). Although Plains has provided evidence that its "nerve center" is located in Texas, Plains has provided no evidence demonstrating its business organization, its place(s) of activity, the revenues it earns in those places of activities, or what -- if any -- amount of autonomy its various places of activity have from its Texas operations. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir. 1980) (holding that a nerve center does not have to be located where corporation comes into contact with the public, but can be found wherever decision making truly occurs); Langford v. Santa Fe Drilling Co., 50 F.Supp.2d 631, 633-34 (E.D. Tex. 1999) ("[n]ot only are assets and employees probative" in the principal place of business analysis "but so too are revenues" reported from different areas).  The court concludes that the evidence before it is not sufficient to allow it to apply the facts to the applicable law.

Moreover, while recognizing that factual determinations decisive of a motion to dismiss for lack of subject matter jurisdiction are within the court's power, in Williamson, 645 F.2d at 414, the Fifth Circuit expressly stated that

> the district court must give the plaintiff an opportunity
> for discovery and for a hearing that is appropriate to
> the nature of the motion to dismiss.

. . .

> Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.

Since Plains' motion to dismiss, supported by the affidavit of its Vice-President for Human Resources and Administration of Plains Exploration & Production Company, raises a fact issue regarding the location of its principal place of business, but neither contains facts sufficient for the court to balance facts relative to the "nerve center" and the "place of activity" tests, nor poses factual disputes that implicate the merits of plaintiff's breach of contract claim, the court concludes that limited discovery related solely to determination of Plains' principal place of business is appropriate.

### III.  Conclusions and Order

For the reasons explained above, the court concludes that limited discovery related solely to determination of Plains' principal place of business is appropriate to determine if the requirements of diversity jurisdiction are satisfied in this case. Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 4) is **DENIED without prejudice**.  The parties shall conduct limited discovery for the purpose of determining whether complete diversity exits in this case, i.e., to determine whether Plains' principal place of

business is Texas.  All discovery on this issue shall be completed within sixty (60) days from the entry of this Memorandum Opinion and Order.  Thereafter, defendant, if it chooses, may file another motion to dismiss.

**SIGNED** at Houston, Texas, on this the 25th day of May, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE