```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

GARY WARD,                        §
                                  §
         Plaintiff,               §
                                  §
v.                                §      CIVIL ACTION NO. H-05-0671
                                  §
PLAINS EXPLORATION &              §
PRODUCTION COMPANY,               §
                                  §
         Defendants.              §

## MEMORANDUM OPINION AND ORDER

On June 21, 2005, the court granted Gary Ward's motion to file an amended complaint (Docket Entry No. 18), and he filed his First Amended Complaint (Docket Entry No. 19) asserting a claim for breach of contract and, in the alternative, a claim for benefits due under an employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101 et. seq. Pending before the court is Plaintiff's Motion for Leave to File Additional Discovery Requests (Docket Entry No. 20). Defendant, Plains Exploration & Production Company, opposes Ward's motion as premature because plaintiff has not yet exhausted his administrative remedies.[1] For the reasons explained below, the court concludes that Ward's motion for additional discovery should be granted.

---

[1] Defendant's Response to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 23, p. 1.

Ward was an employee of 3TEC Energy Corporation when, in 2003, the company implemented a change in control agreement titled, "3TEC Energy Corporation's Severance and Compensation Plan" (the Plan).[2] The Plan provides for certain 3TEC employees to receive severance pay if their duties changed substantially or their salary or benefits decreased following a change in control of 3TEC.[3] When it was adopted by 3TEC the Plan contained no specific administrative procedures.[4]

In June of 2003 3TEC merged with Plains and Ward became a Plains employee. Ward alleges in this lawsuit that his duties changed after the merger. Plains disputes Ward's allegations. On January 28, 2004, Ward, acting through his attorney, submitted a written request for severance pay benefits due under the Plan.[5] On February 19, 2004, Plains, acting through its attorney, replied that it found no evidence that Ward was entitled to severance pay

---

[2]See Exhibit 1 attached to Defendant's Motion to Dismiss, Docket Entry No. 22, and Exhibit A attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[3]See id. See also "Statement of Facts" in Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, p. 2.

[4]Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, p. 2.

[5]See Exhibit B attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24.

benefits under the Plan.[6]  On May 27, 2004, Ward, acting through his attorney, asked Plains how to challenge its refusal to pay Plan benefits.[7]  On June 1, 2004, Plains responded "[t]here is no appeal process associated with the severance plan."[8]

On November 2, 2004, Ward filed a breach of contract action in state court, which Plains answered on December 6, 2004.[9]  On February 4, 2005, Plains amended the 3TEC Plan to add an administrative procedure retroactive to June 4, 2003.[10]

Plains argues that before plaintiff may undertake discovery he must submit his claim and any supporting evidence to the plan administrator in accordance with the procedures adopted on February 4, 2005, so that if plaintiff is dissatisfied with the resulting decision, there will be an administrative record for the court to

---

[6]See Exhibit C attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24.

[7]See Exhibit D attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24.

[8]See Exhibit E attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24.

[9]See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24, p. 3.

[10]See Exhibit F attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24.  See also Exhibit 2 attached to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, pp. 2-3.

review.[11]  Citing <u>Hetterly v. Louisiana-Pacific Corp.</u>, 992 F.Supp. 1229 (D. Ore. 1998), Ward contends that he should be allowed to proceed with discovery because he exhausted all of the administrative requirements that were in place when he applied for Plan benefits and Plains denied his application.[12]  In <u>Hetterly</u> the court held that plaintiffs who had exhausted all the administrative procedures that were in place when the defendant company decided not to grant them severance benefits did not have to file written claims required by a retroactively effective plan amendment adopted months after the company had decided not to grant them plan benefits.  <u>Id.</u> at 1231.

Citing <u>Smathers v. Multi-Tool/Multi-Plastics, Inc. Employee Health & Welfare Plan</u>, 298 F.3d 191, 195-196 (3d Cir. 2002), Plains argues that a welfare benefit plan can be amended procedurally when the amendment does not change the coverage under the plan or the entitlement to benefits.[13]  In <u>Smathers</u> the benefit plan was amended to give the administrator discretionary authority in making benefit determinations.  The amendment was made after the plaintiff had been injured and after he had filed his initial claims. The district court held that the amended plan was the controlling plan

---

[11]See Defendant's Response to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 23.

[12]See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery, Docket Entry No. 24, p. 5 (assuming for the sake of argument without conceding that the Plan is governed by ERISA).

[13]Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, p. 12.

because that was the plan in effect "when Multi-Tool considered and then denied the plaintiff's claim for benefits." Id. at 195. The Third Circuit affirmed the district court's decision stating that "[w]e . . . look to the plan in effect at the time benefits were denied." Id. at 197 (relying on similar conclusion reached in Grosz-Salomon v. Paul Revere Life Insurance Company, 237 F.3d 1154, 1159 (9th Cir. 2001)).

Although the Fifth Circuit has not yet decided the precise question at issue, it has held that an ERISA claim accrues when benefits are denied. Hall v. National Gypsum Co., 105 F.3d 225, 230 (5th Cir. 1997). In has also suggested that a controlling plan is the plan in effect when benefits are denied. See Vercher v. Alexander & Alexander, Inc., 379 F.3d 222, 226 n. 6 (5th Cir. 2004) (citing Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 774 (7th Cir. 2003)). Since Plains denied Ward's claim for benefits on February 19, 2004, and it did not amend the Plan until almost a year later, the court concludes that the Plan in effect on February 19, 2004, is the Plan that controls Ward's claim. Accordingly, Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 20, is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 29th day of July, 2005.

                              SIM LAKE
                        UNITED STATES DISTRICT JUDGE