IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRY WARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0671 |
| | § | |
| PLAINS EXPLORATION & | § | |
| PRODUCTION COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Garry Ward, brought this action against defendant, Plains Exploration & Production Company (Plains), for breach of contract and, in the alternative, for benefits due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101, et seq. (Docket Entry No. 19). Pending before the court are Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22), Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss (Docket Entry No. 26), and Defendant's Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel Regarding Attorney-Client Privilege (Docket Entry No. 48). For the reasons set forth below the defendant's motion to dismiss and defendant's motion for reconsideration will be denied as moot, and defendant's appeal of the Magistrate Judge's decision will be denied.

## I. Factual and Procedural Background

Plaintiff alleges that defendant has wrongfully denied him severance pay in breach of the 3TEC Energy Corporation's Severance and Compensation Plan (the Plan).

### A. Factual Background

Ward was an employee of 3TEC Energy Corporation when, in 2003, the company implemented a change in control agreement titled, "3TEC Energy Corporation's Severance and Compensation Plan [the Plan]."[1] The Plan provides for certain 3TEC employees to receive severance pay if their duties changed substantially or their salary or benefits decreased following a change in control of 3TEC.[2] When adopted, the Plan contained no specific administrative procedures.[3]

In June of 2003 3TEC merged with Plains and Ward became a Plains' employee. Ward alleges in this lawsuit that his duties changed after the merger. Plains disputes Ward's allegations. On January 28, 2004, Ward, acting through his attorney, submitted a

---

[1] See Exhibit 1 attached to Defendant's Motion to Dismiss, Docket Entry No. 22, and Exhibit A attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[2] See id. See also "Statement of Facts" in Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, p. 2.

[3] Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, p. 2.

written request for severance pay benefits due under the Plan.[4]  On February 19, 2004, Plains, acting through its attorney, replied that it found no evidence that Ward was entitled to severance pay benefits under the Plan.[5]  On May 27, 2004, Ward, acting through his attorney, asked Plains how to challenge its refusal to pay Plan benefits.[6]  On June 1, 2004, Plains responded through its attorney: "There is no appeal process associated with the severance plan."[7]  On November 2, 2004, Ward filed a breach of contract action in state court, which Plains answered on December 6, 2004.[8]  On February 4, 2005, Plains amended the 3TEC Plan to add an administrative procedure retroactive to June 4, 2003.[9]

---

[4]See Exhibit B attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[5]See Exhibit C attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[6]See Exhibit D attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[7]See Exhibit E attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[8]See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24, p. 3.

[9]See Exhibit F attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.  See also Exhibit 2 attached to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 22, pp. 2-3.

## B.  Procedural Background

Plaintiff voluntarily dismissed his state court action and on March 1, 2005, he filed this action asserting a single claim for breach of contract and asserting diversity jurisdiction (Docket Entry No. 1).  On April 8, 2005, defendant sought dismissal for lack of subject matter jurisdiction (Docket Entry No. 4).  On May 25, 2005, the court entered a Memorandum Opinion and Order denying defendant's motion to dismiss without prejudice, and directing the parties to "conduct limited discovery for the purpose of determining whether complete diversity exists in this case, i.e., to determine whether Plains' principal place of business is Texas."[10]  Less than a month later, on June 20, 2005, plaintiff sought and received leave to file an amended complaint.[11]

In his amended complaint plaintiff reasserts his breach of contract claim and, in the alternative, asserts that defendant "has violated the Employee Retirement Income Security Act by the actions stated in this complaint."[12]  On June 30, 2005, plaintiff filed a Motion for Leave to File Additional Discovery Requests (Docket Entry No. 20), seeking permission to begin discovery on the merits because his assertion of an ERISA claim confers subject matter

---

[10] Memorandum Opinion and Order, Docket Entry No. 11,

[11] See Unopposed Motion for Leave to File Amended Complaint by Garry Ward, Docket Entry No. 17, and Order granting Ward's motion, Docket Entry No. 18.

[12] Plaintiff's First Amended Complaint, Docket Entry No. 19, p. 8 ¶ 35.

jurisdiction on the court. Plaintiff expressly states that he seeks discovery into the following matters:

> (1) the process [defendant] utilized at the time he applied for benefits, (2) the manner in which other applications have been handled, (3) the reason(s) his claim was denied in May 2004, (4) whether his duties were so critical that the defendant replaced him with a similarly-skilled and experienced employee, and (5) the fate of the activities in which he was engaged.[13]

On July 18, 2005, defendant filed the pending Motion to Dismiss (Docket Entry No. 22), in which it argues that plaintiff's ERISA claim should be dismissed for failure to exhaust administrative remedies. On July 19, 2005, defendant filed its Response in opposition to plaintiff's motion for leave to file additional discovery (Docket Entry No. 23), in which it argued that plaintiff's request for discovery was premature because plaintiff has not presented a factual basis for his claim to the plan administrator. On July 29, 2005, the court entered a Memorandum Order and Opinion granting plaintiff's motion to file additional discovery (Docket Entry No. 25); on August 5, 2005, defendant filed its pending Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss (Docket Entry No. 26); and on August 9, 2005, plaintiff filed his Response to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 30).

---

[13]Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 20, p. 3.

At an August 26, 2005, hearing the court stated

> I want to address a matter that's raised in the plaintiff's response [to defendant's motion to dismiss]. At Paragraph 4, plaintiff says that he asks, pursuant to Rule 56(f), that the Court delay its ruling on the argument that the severance compensation plan is governed by ERISA, because the plaintiff wants to conduct discovery about what process, if any, the defendant followed when it rejected the plaintiff's claim . . .; and Ward fully addressed the arguments as to whether the plan is one governed by ERISA.
>
> That makes sense to me because if we don't have an ERISA plan, I have no jurisdiction. What we then have to do is go back and revisit the question of diversity, which has been basically mooted by the allegation of ERISA jurisdiction. If it's not an ERISA plan, I doubt that I would have jurisdiction.
>
> . . . I am going to rule on the merits in the context of one opinion after discovery. If there is a plan governed by ERISA, then I'll decide whether my prior ruling that the plan in effect at the time of the decision controls; and then I'll decide, assuming the answer to those two questions is yes whether the decision was the correct one under established ERISA law.
>
> It makes no sense having a truncated, piecemeal discovery and a series of rulings by the Court. We are going to have one ruling on all dispositive issues.
>
> Now, how long will it take? I mean, you have got until the spring of next year to fully complete discovery. What more do you need?
>
> . . .
>
> Well, as I said, I intend to address the issue of whether its an ERISA plan, what version of the plan applies, and whether under that version exhaustion is required; and if not, whether on the merits the defendant can sustain the decision all in one substantive opinion, which means they're going to need to be summary judgments on the merits before I rule on the motion to dismiss.[14]

---

[14]Transcript of Hearing, Docket Entry No. 36.

A joint status report filed on January 18, 2006, states:

1. **Depositions**. The plaintiff has taken a 30(b)(6) deposition of the defendant. The parties have scheduled the plaintiff's deposition for February 7, 2006.

2. **Written Discovery**. The parties are still exchanging documents, but expect that this will be completed by the end of February.

3. **Other Matters.** The plaintiff will file a motion to compel by January 20, 2006, addressing the refusal of defense witnesses to answer certain question[s] at the 30(b)(6) deposition based on the assertion of attorney-client privilege. The parties have attempted to resolve this matter, but the defendant is not willing to answer these questions.

When the plaintiff's deposition is completed and the motion to compel issues resolved . . . the defendant will submit to the court motions regarding (1) failure to exhaust administrative remedies, (2) lack of subject matter jurisdiction, and (3) the status of this litigation as an ERISA claim.[15]

On January 20, 2006, plaintiff filed a Motion to Compel (Docket Entry No. 41), to which defendant responded on February 9, 2006 (Docket Entry No. 42). On February 10, 2006, the court referred the motion to compel to Magistrate Judge Nancy K. Johnson (Docket Entry No. 43). Following a hearing conducted on February 17, 2006, Magistrate Judge Johnson granted plaintiff's motion to compel, and ordered defendant to produce a privilege log and e-mails for <u>in camera</u> inspection (Docket Entry Nos. 46 (Minute Entry) and 50 (Hearing Transcript)). On February 27, 2006, defendant filed an Appeal of Magistrate Judge's Decision (Docket

---

[15]Joint Status Report, Docket Entry No. 40.

Entry No. 48), to which plaintiff has responded (Docket Entry No. 51).

## II.  Defendant's Motion to Dismiss

Defendant's pending Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22) seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, under Federal Rule of Civil Procedure 56 on grounds that plaintiff has failed to exhaust administrative remedies added to the Plan by amendment adopted on February 4, 2005, and made retroactive to June 4, 2003.  Attached to defendant's motion are a number of documents, including the Plan (Exhibit 1), the First Amendment of the 3TEC Energy Corporation Severance Compensation Plan (Exhibit 2), Appendix A, Claims and Appeals Procedures 3TEC Energy Corporation Severance Compensation Plan (Exhibit 3), and the Affidavit of Nora Knowles, defendant's Vice-President for Human Resources and Administration (Exhibit 4). Additional documents are attached to plaintiff's response in opposition to defendant's motion to dismiss, and included in the response is plaintiff's "Request for Postponement of Full Consideration Under Rule 56(f),"[16] which was the subject of the hearing held on August 26, 2005.

---

[16]Plaintiff's Response to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 30, p. 4.

**A.   Standards of Review**

If on asserting or responding to a motion to dismiss under Rule 12(b)(6), matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56.[17]  See Morin v. Caire, 77 F.3d 116, 123 (5th Cir. 1996).  Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

**B.   Discussion**

As explained by the court at the August 26, 2005, hearing, the defendant's motion to dismiss and the plaintiff's response thereto

---

[17]In pertinent part, Rule 12(b) provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

raise a number of issues that cannot be resolved absent discovery, including, but not limited to, whether the court has subject matter jurisdiction to adjudicate the claims asserted in this action, whether the Plan is an ERISA plan and, if so, which version of the Plan governs the claims asserted in this action: the version in effect on June 1, 2004, when defendant, acting through its attorney, wrote to plaintiff's attorney that "[t]here is no appeal process associated with the severance plan,"[18] or the amended version adopted on February 4, 2005. At the August 26, 2005, hearing both the court and the parties recognized that the most expeditious way to resolve these issues would be through dispositive motions filed after adequate time for discovery had been allowed. The joint status report submitted on January 18, 2006, reflects that defendant intends to submit a dispositive motion that will not be limited to the single issue of exhaustion raised in the pending motion to dismiss but will, instead, address that issue as well as the issues of subject matter jurisdiction and the Plan's ERISA status.[19] The motion to compel filed by plaintiff and defendant's appeal of the Magistrate Judge's ruling on that motion demonstrate that plaintiff is still seeking discovery for purposes of responding to defendant's dispositive motion(s). Since the issues in dispute -- subject matter jurisdiction -- the Plan's

---

[18] See Exhibit E attached to Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Additional Discovery Requests, Docket Entry No. 24.

[19] Joint Status Report, Docket Entry No. 40.

ERISA status, and exhaustion, all involve disputed facts, and the parties have stated that defendant intends to file on a future date a comprehensive dispositive motion addressing each of these issues, the court concludes that the pending Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22) should be denied as moot.

### III. Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss

Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss (Docket Entry No. 26) argues that the court's Memorandum Opinion and Order (Docket Entry No. 25) granting plaintiff's Motion for Leave to File Additional Discovery Requests (Docket Entry No. 20), prematurely denied Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22) without considering "all arguments and authorities cited in [defendant's] Motion to Dismiss."[20] Defendant argues that "[t]he Court has erred in relying on case law involving vested pension benefits, not applicable here;"[21] and erred in concluding that defense counsel's letter of February 19, 2004, denied plaintiff severance benefits.[22]

---

[20] Id.

[21] Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss, Docket Entry No. 26, p. 1.

[22] Id.

**A.    Incorrect Standard**

Asserting that "vested pension cases cannot govern the disposition of unvested welfare benefit disputes,"[23] defendant argues that the court erroneously relied on <u>Hall v. National Gypsum Co.</u>, 105 F.3d 225, 230 (5th Cir. 1997), to conclude that an ERISA claim accrues when benefits are denied.  Although defendant then explains that the term "accrual" is defined in the pension section of ERISA, defendant cites no authority for its argument that the court erred in concluding that ERISA claims for benefits -- be they pension benefits or welfare benefits -- accrue when benefits are denied.  Moreover, in an action seeking welfare benefits, the Fifth Circuit has expressly stated that "[u]nder ERISA, a cause of action accrues after a claim for benefits has been made and formally denied."  <u>Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan</u>, 426 F.3d 330, 337 (5th Cir. 2005) (citing <u>Hall</u>, 105 F.3d at 230).  Accordingly, the court is not persuaded that it erred in relying on <u>Hall</u> to reach the same conclusion in this case.

**B.    Denial of Plaintiff's Claim for Benefits**

Citing <u>Vercher v. Alexander & Alexander, Inc.</u>, 379 F.3d 222 (5th Cir. 2004), defendant argues that since the severance benefits that plaintiff seeks are unvested welfare benefits, it remains free to amend the procedures that plaintiff must exhaust because

---

[23]<u>Id.</u> at p. 3.

plaintiff has not yet presented a claim for benefits and plaintiff's claim for benefits has not yet been denied.[24] Defendant argues that the court erred in concluding that defendant denied plaintiff's claim for benefits on February 19, 2004, when, in fact, "there was only a series of letters exchanged between the attorneys."[25] Defendant argues that under "Vercher, the plan in this case could have been modified so long as the modification was done before the claim was ruled upon by the administrator, and that has not occurred."[26]

Among the letters exchanged by counsel is a May 27, 2004, letter in which plaintiff's attorney writes to defense counsel

> I write about the 3TEC Energy Corporation Severance Compensation Plan that has been the subject of previous discussions and letters between the two of us. I include a copy of the plan that was provided to my client. This document, as you can see, identifies no one to whom my client should take any challenge of the decision you communicated to me last month -- that the company refuses to pay Mr. Ward any benefits on the document.
>
> If there are any other documents that identify any administrator or administrative filings that are required, my client was never given them and I ask that you provide them forthwith. As you can understand, time is of the essence.[27]

---

[24] Id. at pp. 3-8.

[25] Id. at p. 4.

[26] Id.

[27] May 27, 2004, letter from Katherine Butler to Eliot Tucker, attached to Plaintiff's Response to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 30.

Defense counsel responded to plaintiff's request for documents identifying any administrator or administrative filings required to challenge the previously communicated decision "that the company refuses to pay [him] any benefits on the document [i.e., the Plan],"[28] by stating simply:  "I have spoken with my client, [Plains].  There is no appeal process associated with the severance plan."[29]

The court concludes that even under the footnote in <u>Vercher</u> cited by defendant, this response from defense counsel precludes granting defendant's motion to dismiss for failure to exhaust administrative remedies because -- if not conclusive of the issue -- this response raises a genuine issue of material fact regarding whether by June 4, 2004, plaintiff had exhausted all available administrative remedies.  See <u>Bourgeois v. Pension Plan for the Employees of Santa Fe International Corporations</u>, 215 F.3d 475, 479 (5th Cir. 2000) ("claimants seeking benefits from an ERISA plan must first exhaust <u>available</u> administrative remedies under the plan before bringing suit to recover benefits") (emphasis added).

**C.  Conclusions**

Since the court is not persuaded that it applied the wrong legal standard when it concluded that an ERISA claim for benefits

---

[28] <u>Id.</u>

[29] June 1, 2004, letter from Eliot Tucker to Katherine Butler, attached to Plaintiff's Response to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies, Docket Entry No. 30.

accrues when the claim is denied, and since the court is persuaded that -- at a minimum -- there exists a genuine issue of material fact regarding if and when defendant denied plaintiff's claim for benefits, the court is not persuaded that it's Memorandum Opinion and Order of July 29, 2005 (Docket Entry No. 25), prematurely disposed of Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22) without fully considering all of the arguments and authorities cited therein. Since, moreover, for the reasons stated in the preceding section of this Memorandum Opinion and Order, the court has already concluded that Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry No. 22) should be denied as moot, the court concludes that Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss (Docket Entry No. 26) should be denied as moot.

### IV.   Defendant's Appeal of Magistrate Judge Johnson's Order

Also pending before the court are Defendant's Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel Regarding Attorney-Client Privilege (Docket Entry No. 48), Plaintiff's Response to Defendant's Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel (Docket Entry No. 51), and defendant's Additional Argument and Additional Reasons for Denying the Plaintiff's Motion to Compel and Supplement to Appeal of Defendant Plains Exploration & Production of Order of Magistrate Compelling

Testimony of Privileged Communications Among Counsel and Client (Docket Entry No. 53). Defendant relies on the Plan amendment adopted on February 4, 2005, to support its claim that this action should be dismissed because plaintiff has not exhausted his administrative remedies. Plaintiff has raised fact issues as to whether the amendment adopted on February 4, 2005, was bona fide, or whether the amendment was made to thwart his claim. Defendant has asserted attorney-client privilege as grounds for refusing to answer plaintiff's discovery requests. Following a hearing on Plaintiff's Motion to Compel (Docket Entry No. 41), Magistrate Judge Johnson ordered defendant to produce a privilege log and e-mails for *in camera* review. Defendant has failed to persuade the court that any prejudice can result from the submission of documents to Magistrate Judge Johnson for *in camera* review. Accordingly, Defendant's Appeal of Magistrate Judge Johnson's Order will be denied.

After Magistrate Judge Johnson has determined if the documents at issue are privileged, she will rule on the scope of the questions allowable at the deposition(s) plaintiff seeks. To avoid further delays the court recommends that the depositions be held in Magistrate Judge Johnson's courtroom so that she can monitor disputes over relevance or privilege as they arise.

### V.  **Conclusions and Order**

For the reasons explained above, Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket Entry

No. 22) is **DENIED** as **MOOT**; Defendant's Motion for Reconsideration of Order Denying Full Consideration of Defendant's Motion to Dismiss (Docket Entry No. 26) is **DENIED** as **MOOT**; Defendant's Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel Regarding Attorney-Client Privilege (Docket Entry No. 48) is **DENIED**; and the Supplement to Appeal of Defendant Plains Exploration & Production of Order of Magistrate Compelling Testimony of Privileged Communications Among Counsel and Client (Docket Entry No. 53) is **DENIED**.

    **SIGNED** at Houston, Texas, on this the 17th day of March, 2006.

                                      SIM LAKE
                         UNITED STATES DISTRICT JUDGE